UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA ESTELA LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:17-cv-01576-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL<br><br>ECF Nos. 12, 15, 16, 21, 22 |

Blanca Estela Lopez ("claimant") challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the U.S. Court of Appeals for the Ninth Circuit. ECF Nos. 4, 5. At a hearing on February 19, 2019, the court heard argument from the parties. At the hearing, the court invited additional briefing from the parties, and both parties filed supplemental briefs. *See* ECF Nos. 20 (minute order), 21, 22. Having reviewed the record, administrative transcript, briefs of the parties, and applicable law, and having considered arguments raised at the hearing, the court finds as follows:

On September 20, 2013, claimant applied for a period of disability and disability insurance benefits, claiming that she became disabled on September 5, 2012. On March 28,

1

2016, an Administrative Law Judge ("ALJ") held a video hearing. On September 1, 2016, the ALJ denied claimant's application. AR 22-34. After unsuccessfully seeking review by the Appeals Council, claimant filed the present action on November 27, 2017. ECF No. 1.

I. STANDARD OF REVIEW

Our review is limited: On appeal, we ask only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla of evidence but may be less than a preponderance. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). We will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence, because we may not substitute our judgment for that of the Commissioner. *Id*. We review only the reasons provided by the Commissioner in the disability determination and may not affirm based on a ground upon which the Commissioner did not rely. *See id*. at 654.

II. ANALYSIS

The ALJ determines eligibility for Social Security benefits in a five-step sequential evaluation process, asking: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in the regulations; (4) whether the claimant can perform her past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018); 20 C.F.R. § 416.920. The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ found that claimant did not engage in gainful activity from September 5, 2012 through December 31, 2014. AR 24. At step two, the ALJ found that claimant had the severe impairments of lumbar and cervical degenerative disc disease and the additional nonsevere impairment of migraine headaches. AR 25. At step three, the ALJ found that claimant did not have an impairment or combination of impairments that met or exceeded the severity of the listed impairments. *Id.* Before proceeding to step four, the ALJ found that

claimant had the residual functional capacity to perform light work, with some limitations. AR 25-33. At step four, the ALJ found that claimant could perform past relevant work. AR 33-34.

On appeal, claimant argues, *inter alia*, that remand is appropriate because the ALJ erred in weighing medical opinion evidence. In particular, claimant argues that the ALJ improperly discounted the opinion of treating physician Dr. Rucker. Ordinarily, an ALJ must give more weight to a treating physician's opinion than an examining physician's opinion. *See id*. § 404.1527(c)(1). To reject an opinion of a treating physician that is contradicted by other evidence,[1] the ALJ must give "specific and legitimate reasons." *Id*. (quoting *Ryan v. Comm'r of Soc. Sec*., 528 F.3d 1194, 1198 (9th Cir. 2008)).

Here, the lead reason that the ALJ gave for discounting Dr. Rucker's opinion was that it was "inconsistent with objective medical evidence." AR 32. Among the objective medical evidence emphasized by the ALJ was MRI imaging, which the ALJ stated "did not correlate with any significant clinical abnormalities." AR 31. Referencing the results of an MRI conducted on October 14, 2014, the ALJ stated: "The undersigned notes the MRI scan showed no impingement of the *exiting* nerve roots at L4 or L5 and, therefore, provides minimal objective support for the claimant's reported lumbar radiculopathy." AR 30 (emphasis in original). The ALJ appears to have found it significant that the MRI showed only effacement "of the *transiting* nerve roots," with no exiting nerve root effacement. AR 492 (MRI) (emphasis added).

While the ALJ's lay interpretation of the October 14, 2014 may be correct, we see no support for it in the record. Consulting physician Dr. Nasrabadi, whose opinion the ALJ afforded some weight, and consulting physician Dr. Reddy, whose opinion the ALJ afforded great weight, reviewed claimant's medical record before the October 2014 MRI was conducted. *See* AR 32. The only medical professional who reviewed the October MRI was Dr. Rucker, whose opinion the ALJ discounted. The distinction made by the ALJ between exiting and transiting nerve roots thus appears to be based on the ALJ's lay understanding of neurology. With no medical authority supporting this distinction, we cannot accept it as legitimate reason for discounting Dr. Rucker's

---

[1] The ALJ in this case found that Dr. Rucker's opinion was inconsistent wither other medical opinions. *See* AR 32.

3

opinion. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (finding ALJ's decision not supported by substantial evidence where ALJ improperly substituted medical professionals' interpretation of the medical evidence for his own); *Winters v. Barnhart*, No. C 02-5171SI, 2003 WL 22384784, at *6 (N.D. Cal. Oct. 15, 2003) ("The ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert.").

Defendant acknowledges the lack of record evidence supporting the distinction between exiting and transiting nerve roots, but urges us to find any error harmless, arguing that the "crucial portion" of the ALJ's opinion is his conclusion that plaintiff's reported lumbar radiculopathy is unsupported by objective medical evidence. We agree that this is the crux of the issue, but this increases rather than decreases the import of the ALJ's error. The very "objective evidence" on which the ALJ purports to rely includes the ALJ's lay interpretation of an MRI. Defendant encourages us to consider as support for the ALJ's interpretation Dr. Nasrabadi's statement that claimant's "MRI does not show any evidence of nerve root impingement to explain the alleged radicular symptoms." ECF No. 21 at 2. However, as discussed above, Dr. Nasrabadi's exam predated the October 2014 MRI, so is hardly helpful in explaining the ALJ's interpretation of this MRI.

Defendant further notes that the ALJ cited other reasons for discounting the opinion of Dr. Rucker. We agree. The October 14, 2014 MRI, however, figures prominently in the opinion and appears to have played an important part, if not a critical part, in the ALJ's decision to discount the opinion of Dr. Rucker. In this situation, we cannot find harmless error and must remand for further consideration in keeping with this opinion.[2]

### III. CONCLUSION AND ORDER

The court will remand the case for further proceedings in keeping with this decision. The clerk of court is directed to (1) enter judgment in favor of plaintiff Blanca Estela Lopez and (2) close this case.

---

[2] The court does not reach the issue of whether the ALJ appropriately evaluated claimant's statements about the intensity, persistence, and limiting effects of her symptoms. *See* ECF No. 12 at 13-16.

4

IT IS SO ORDERED.

Dated: March 15, 2019

_____
UNITED STATES MAGISTRATE JUDGE