UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA ESTELA LOPEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.  1:17-cv-01576-JDP (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)<br><br>ECF No. 27 |

Plaintiff's counsel moves for an award of attorney fees under 42 U.S.C. § 406(b).  ECF No. 27.  Plaintiff entered into a contingent fee agreement that provided she would pay counsel twenty-five percent of any award of past-due benefits.  ECF No. 27-5 at 2-3.  After this court remanded this action for further proceedings, plaintiff was found disabled and awarded $108,370 in past-due benefits.  ECF No. 23; ECF No. 27-5 at 7-12.  Counsel now seeks attorney's fees in the amount of $27, 092.50, which is equal to twenty-five percent of total past-due benefits that plaintiff was awarded, with a credit to plaintiff for the fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,000.00.  ECF No. 27; *see also* ECF No. 26.

An attorney is entitled to reasonable fees for successfully representing social security claimants in district court.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). Rather than being paid by the government, fees under section 406(b) are paid by the claimant from the awarded past-due benefits. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The twenty-five percent statutory maximum fee is not an automatic entitlement; the court must ensure that the requested fee is reasonable. G*isbrecht*, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). In assessing whether a fee is reasonable, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

The court finds that the requested fees are reasonable. Counsel's billing records reflect a total of 36.10 hours of attorney time on this case. ECF No. 27-5 at 5. Counsel's request for $27,092.50, which is the equivalent of the statutory maximum, would constitute an hourly rate of approximately $750 for attorney services. Counsel did not engage in dilatory conduct or perform in a substandard manner. Indeed, counsel's representation resulted in this matter being remanded for further proceedings, which resulted in a favorable decision and an award of benefits. ECF Nos. 23, 24; ECF No. 27-5 at 7-12. Given counsel's experience, the result obtained in this case, and the risk of loss in representing plaintiff, the court finds the hourly rate reasonable. *See, e.g.*, *De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116.26); *Jamieson v. Astrue*, No. 1:09-cv-0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly rate of $1,169.49 reasonable); *Naddour v. Colvin*, No. 13-CV-1407-BAS (WVG), 2016 WL 4248557 (S.D. Cal. Aug. 11, 2016) (awarding fee at effective hourly rate of $1,063); *Palos v. Colvin*, No.

CV 15-04261-DTB, 2016 WL 5110243 (C.D. Cal. Sept. 20, 2016) ) (finding fee at effective hourly rate of $1,546.39 reasonable).

     Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees, ECF No. 27, is granted.
2. Plaintiff's counsel is awarded $27,092.50 in fees pursuant to 42 U.S.C. § 406(b).
3. Plaintiff's counsel is directed to reimburse plaintiff the sum of $7,000.00 for previously paid EAJA fees pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   November 7, 2023                                   
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE